**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

**DERRICK RYAN GORDON,**

  **Plaintiff,**

**vs.**                                 **CIVIL ACTION NO. 1:20-CV-00801**

**CABINET SECRETARY BILL CROUTCH,
*ET AL.*,**

  **Defendants.**

<u>**PROPOSED FINDINGS AND RECOMMENDATION**</u>

Pending before this Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, filed on December 10, 2020. (ECF No. 1) By Standing Order, this matter was referred to the undersigned for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2) Having examined the Complaint, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding in forma pauperis at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

<u>**FACTUAL BACKGROUND**</u>

In his "Petition for Declaratory and Injunctive Relief"[2], filed on December 10, 2020 (ECF No. 3), Plaintiffs does not indicate a proper basis for this Court's jurisdiction however, he asserts

---

[1] Because Plaintiff is proceeding *pro se*, the documents he filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972).

[2] The undersigned directed the Clerk to file the "Petition" (ECF No. 3) under seal and to file a redacted copy of same for public access because Plaintiff included the names of minor children and had attached a pleading that concerns state court proceedings involving the named minor children. (ECF No. 4) Plaintiff subsequently filed another "Petition" on December 11, 2020 (ECF No. 5) which did not include the names of the minor children, but concern the same arguments endorsed in the initial "Petition", therefore, this secondary pleading need not be addressed further herein.

that the cause of action arose within "the territorial jurisdiction of Mercer [C]ounty, West Virginia" and ostensibly, subject matter is conferred upon this Court because the action arose before the Ninth Judicial Circuit Court of Mercer County, West Virginia.[3] Plaintiff names the following as defendants,  Cabinet Secretary Bill Croutch[4], West Virginia Department of Health and Human Resources, and CPS Agent Allison Kelly.[5]

It appears that the basis of Plaintiff's complaint is that his minor children were removed from his custody and care in September 2020 when Defendants "seized" Plaintiff's minor children following their arrival to the hospital in Bluefield, West Virginia after an incident occurring at Plaintiff's home. Plaintiff does not seek monetary damages, but for the restoration of his family and an injunction against Defendants.

## THE STANDARD

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), aff'd, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

---

[3] As briefly observed by this Court in its previous Order (ECF No. 4), Plaintiff brought this action pursuant to 42 U.S.C. § 1983 to address the "willful deprivation" of his rights by the Mercer County Circuit Court, and that he filed the pending action herein because the Mercer County Circuit Court was closed due to the coronavirus. (ECF No. 3 at 3)

[4] The undersigned recognizes that the proper name for the Cabinet Secretary of the West Virginia Department of Health and Human Resources is Bill Crouch.

[5] Plaintiff has provided an unnamed "Guardian ad Litem, et. alt." as another defendant(s), but does not refer to these individuals or entities directly at any time throughout his "Petition(s)".

A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[6], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for

---

[6] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

a plaintiff. <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir.1990)).

## <u>ANALYSIS</u>

Federal Courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. <u>Bender v. Williamsport Area School District</u>, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1).[7]

As noted *supra*, Plaintiff alleges no cognizable basis for this Court's jurisdiction, but asserts that his children were ostensibly taken by child protective services in Mercer County, West

---

[7] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

  (1) citizens of different states;

  (2) citizens of a State and citizens or subjects of a foreign state;

  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

  (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Virginia, and has provided at least one name of an individual who appears to be involved in an abuse and neglect proceeding pending in the Mercer County Circuit Court, and the other named defendant being the Cabinet Secretary of the West Virginia Department of Health and Human Resources. Section 1332 requires complete diversity of citizenship between the adverse parties. See Owen Equip., & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274(1978). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Id.; see also, Wisconsin Dept. Of Corrections v. Schacht, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998)("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State."). "The statute establishing diversity jurisdiction is to be strictly construed and all doubts are to be resolved against federal jurisdiction." Frontier Energy Corp. v. Broda, 882 F. Supp. 82, 85 (N.D.W. Va. 1995). For purposes of diversity jurisdiction, an individual's citizenship has been equated to the place of domicile. See Linville v. Price, 572 F. Supp. 345 (S.D.W. Va. 1983). Plaintiff acknowledges he is a resident of West Virginia, and indicates Defendants are residents or domiciled in West Virginia. (ECF No. 3, 5) While Plaintiff does not mention the residencies of each Defendant named herein, the most liberal construction of his "Petition(s)" suggests that each Defendant is a resident of West Virginia. Accordingly, this Court would be deprived of jurisdiction under Section 1332.

Construing the "Petition(s)" liberally, the Court can consider Plaintiff's complaints as an attempt to proceed under Section 1331 as he appears to contend that he was denied due process by Defendants having removed his children from his custody and care in September 2020, resulting in a legal proceeding in the Mercer County Circuit Court.[8] Nevertheless, the undersigned finds

---

[8] As an initial matter, the undersigned is unaware of any jurisprudence concerning Section 1983 claims where a child is considered a "property" interest subject to constitutional protection. However, a liberal interpretation of Plaintiff's

that Plaintiff's "Petiton(s)" are improper and should be dismissed for a number of reasons as explained *infra*.

<u>Rule 8 of the Federal Rules of Civil Procedure:</u>

Plaintiff is required to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's "Petition(s)" do not comply with Rule 8(a) for failing to allege sufficient facts and circumstances showing entitlement to relief. After having liberally reviewed Plaintiff's allegations, the undersigned construed he is suing agents of the West Virginia Department of Health and Human Resources ("DHHR") involved in child protective services in an abuse and neglect proceeding[9] in the Mercer County Circuit Court because two minor children were removed from his custody and care. However, Plaintiff only provides "naked assertion[s]" which are verboten pursuant to the jurisprudence espoused under <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the

---

"Petition(s)" suggests that Plaintiff's claims concern violations of his liberty interests to "retain custody over and care of [his] children, and to rear [his] children as [he] deem[s] appropriate." See <u>Jordan by Jordan v. Jackson</u>, 15 F.3d 333, 342-343 (4th Cir. 1994) (citing collection of cases).
[9] Pursuant to W. Va. Code § 49-4-601, *et seq*.

complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In other words, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley, 355 U.S. at 45–46 (1957).

Plaintiff does not allege any specific facts with respect to either of the named Defendants that support any claim for which Plaintiff would be entitled to relief. Moreover, Plaintiff's "Petition(s)" are not salvageable even if he was permitted to amend them in the spirit of Denton v. Hernandez, *supra*.

Younger-Abstention Doctrine:

Based on Plaintiff's own allegations that the minor children were removed in September 2020, and that he initially intended to file his "Petition" at the Mercer County Circuit Court had it been open, there appears to be some ongoing proceedings with respect to the children's removal in State court. Accordingly, this Court should abstain from exercising subject matter jurisdiction over Plaintiff's claims based upon the Younger-abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971). "Under the Younger-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-238 (1984).

7

The Fourth Circuit has recognized that "Younger abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), *cert. denied*, 516 U.S. 1094, (1996). A court should disregard Younger's mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 44 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

The Younger abstention has been extended to civil litigation brought by the state to vindicate its policies. Huffman v. Pursue, Ltd., 420 U.S. 592, 604–05, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); Trainor v. Hernandez, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); Moore v. Sims, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). This includes child-welfare and child-custody proceedings. Moore, 442 U.S. at 423, 99 S.Ct. 2371 (applying Younger to state-initiated custody litigation).

The undersigned finds that the Younger abstention doctrine may apply in the instant case, as there is no indication in Plaintiff's "Petition(s)" that the Circuit Court of Mercer County, West Virginia has concluded the State-initiated custody proceedings. Indeed, the fact that Plaintiff clearly asserts that his children be returned to him strongly suggests that the State court proceedings have not concluded. Indeed, Plaintiff has alleged that the children were taken fairly

recently, in September 2020. Further, Plaintiff provides no grounds that support any of the enumerated <u>Nivens</u> exceptions to the <u>Younger</u> mandate; Plaintiff fails to show improper prosecution against him in State court, or any facts supporting a claim for unreasonable harassment that comports with the bad faith exception. In sum, Plaintiff's claims are mere conclusory allegations against these Defendants, and should therefore be dismissed.

    <u>Domestic Relations Exception:</u>

    Alternatively, the undersigned finds that the "domestic relations exception" to federal jurisdiction may also apply to Plaintiff's claims to the extent that he is essentially asking this Court to invalidate a State Court's order regarding the removal of his children from their home, i.e., a child custody decree. <u>See</u> <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); <u>Barber v. Barber</u>, 62 U.S. 582, 1858 WL 9327, 16 L.Ed. 226 (1858). In <u>Ankenbrandt</u>, the Supreme Court held that "the domestic relations exception, as articulated by this Court since *Barber*, divests the federal court of power to issue divorce, alimony, and child custody decrees." <u>Ankenbrandt</u>, 504 U.S. at 703-704, 112 S.Ct. at 2215. The Supreme Court explained as follows:

> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and the deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sentence to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

<u>Id</u>. As stated *supra*, to the extent that Plaintiff appears to be requesting this Court to override the Mercer County Circuit Court's order regarding the removal of his children from his custody and

home, the undersigned recommends that the District Court invoke the domestic exception and dismiss the case for lack of subject matter jurisdiction.

On the other hand, assuming Plaintiff raises a federal question or assert diversity of citizenship, it is noted that the domestic relations exception does not undermine federal question jurisdiction where it otherwise exists. Reale v. Wake County Human Services, No. 12-1045, 2012 WL 1564161, at *1 (4th Cir. 2012) (unpublished opinion). "The exception is statutory, not constitutional, in nature, and derives from construction of the diversity jurisdiction statute." Id. Therefore, the domestic relations exception "is applied only as a judicially implied limitation on the diversity jurisdiction; it has not generally recognized application as a limitation on federal question jurisdiction." United States v. Johnson, 114 F.3d 476, 481 (4th Cir. 1997). Jurisdiction in this case is founded on federal question, i.e., 42 U.S.C. § 1983. Because diversity of citizenship does not exist, the domestic relations exception is not implicated. See Reale, 2012 WL 1564161 at *1 (holding that because complaint brought pursuant to 42 U.S.C. § 1983 was "based on federal question jurisdiction, not diversity of citizenship, the domestic relations exception does not limit the district court's jurisdiction over it."). If assuming that Plaintiff raises his claim as one of due process due to the alleged removal of his children, which can be construed as a Section 1983 claim, then this provides the basis of this Court's jurisdiction. Nevertheless, as explained *supra*, because Plaintiff's allegations indicate that the State court proceeding is still pending and that he has not yet regained custody of his children, this Court should still abstain from exercising jurisdiction pursuant to the Younger doctrine.

Legal Immunities:

Plaintiff has asserted unspecified claims against Allison Kelly, a Child Protection Services agent of the West Virginia DHHR, as well as the DHHR Cabinet Secretary, Bill Crouch. Given Plaintiff's *de minimis* factual allegations against these Defendants, he has failed to state a claim against them upon which relief can be granted. Additionally, it would appear that these Defendants also enjoy at least qualified immunity from Plaintiff's claims. Qualified immunity shields public officials from personal liability for performance of their official duties, provided that they do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). A court considers whether the rights allegedly violated by the public official were clearly established at the time of the challenged conduct, Mitchell v. Forsyth, 472 U.S. 511, 528, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), and whether such conduct was objectively reasonable. Harlow, 457 U.S. at 818, 102 S.Ct. 2727. "As such, if there is a 'legitimate question' as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity." Wiley v. Doory, 14 F.3d 993, 995 (4th Cir. 1994) (citing Tarantino v. Baker, 825 F.2d 772, 775 (4th Cir. 1987)), *cert. denied sub nom.* Wiley v. Mayor of Baltimore, 516 U.S. 824, 116 S.Ct. 89, 133 L.Ed.2d 45 (1995). The Fourth Circuit has held that social workers may assert qualified immunity in appropriate circumstances. See Hodge v. Jones, 31 F.3d 157, 162 (4th Cir. 1994) (citing Wildauer v. Frederick County, 993 F.2d 369, 373 (4th Cir. 1993)), *cert. denied*, 513 U.S. 1018, 115 S.Ct. 581, 130 L.Ed.2d 496 (1994).

To the extent that Plaintiff has alleged an unnamed guardian *ad litem* as a Defendant herein, presumably, this Defendant has been or continues to act as guardian *ad litem* in the proceedings before the Mercer County Circuit Court. Guardians *ad litem* are entitled to the absolute bar of quasi-judicial immunity for acts within a judicial role. See Fleming v. Asbill, 42 F.3d 886, 889 (4th

Cir. 1994). There is no indication in Plaintiff's "Petition(s)" that the unnamed guardian *ad litem* has acted outside his or her judicial role and there are simply no facts alleged that specify any act or misconduct this individual committed against Plaintiff. In short, the unnamed guardian *ad litem* enjoys immunity from liability and damages in his or her capacity as guardian *ad litem*, but also because Plaintiff fails to state a claim against this Defendant upon which relief can be granted, meriting dismissal from this suit.

Though the family unit is a "fundamental precept firmly ensconced in the Constitution and shielded by Due Process", this is "neither absolute nor unqualified." See Hodge, 31 F.3d at 163. Further, it is also known that a state has a legitimate interest in protecting children from abuse and neglect and investigating situations that give rise to abuse and neglect. See Renn v. Garrison, 100 F.3d 344, 349-350 (4th Cir. 1996). The "right to familial integrity is 'amorphous' in many cases" Martin v. Saint Mary's Dept. Social Services, 346 F.3d 502, 506 (4th Cir. 2003) (quoting Hodge, 31 F.3d at 164), "[t]he contours of the right to familial integrity may not be 'sufficiently clear' in certain situations, to be deemed 'clearly established' as required." Id. (citing Renn, 100 F.3d at 349)(internal citations omitted). Therefore, a public official will not be held liable for "bad guesses in gray areas" where parental rights are concerned. Id. (*quoting* Maciariello v. City of Lancaster, 973 F.2d 295, 298 (4th Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S.Ct. 1048, 122 L.E.2d 356 (1993).

Because Plaintiff fails to establish facts indicating that these DHHR agents engaged in any intentional misconduct, let alone any negligent conduct[10], resulting in the removal of the minor children, and further assuming Plaintiff has asserted a Section 1983 claim, this claim fails and these Defendants are entitled to qualified immunity. See, generally, Martin, 346 F.3d at 507.

---

[10] Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (holding that the Due Process Clause is not implicated by a state official's negligent act causing unintended loss of or injury to life, liberty, or property).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), **DISMISS** Plaintiff's "Petitions) (ECF Nos. 3, 5) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: January 20, 2021.

Omar J. Aboulhosn
United States Magistrate Judge