```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**DERRICK RYAN GORDON,**

    **Plaintiff,**

v.                                    CIVIL ACTION NO. 1:20-00801

**CABINET SECRETARY BILL CROUTCH, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, the action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted his Findings and Recommendation ("PF&R") to the court on January 28, 2021, in which he recommended that the court deny plaintiff's application to proceed without prepayment of fees and costs, dismiss plaintiff's "Petitions," and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendations.  On January 27, 2021, Gordon filed his objections to the PF&R.  See ECF Nos. 8 and 9.  On February 3, 2021, he also filed additional memoranda in support of this case.  See ECF Nos. 10 and 11.  On February 3, 2021, he filed a

sealed affidavit and the next day he filed a motion for a subpoena and another pleading.  See ECF Nos. 13, 14, and 15.  After the deadline for filing objections, Gordon continued to file further documents in support of his claims.  See ECF Nos. 16, 17, 18, 20, 21, 22, 23, and 24.  With respect to plaintiff's objections, where they are responsive to the PF&R, the court has conducted a de novo review.[*]

Plaintiff initiated this civil action after his minor children were removed from his custody and care in September 2020.  He does not seek money damages but asks for the restoration of his family and an injunction against defendants Cabinet Secretary Bill Croutch [sic], the West Virginia Department of Health and Human Resources, and CPS Agent Allison Kelly.

In the PF&R, Magistrate Judge Aboulhosn found that the complaint was subject to dismissal.  First, given that plaintiff appeared to be challenging ongoing state custody/neglect proceedings, the PF&R recommended that the court abstain from hearing those claims pursuant to the doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).  Alternatively, Magistrate Judge Aboulhosn found that the "domestic relations exception" to federal jurisdiction might apply given that Gordon was

---

[*] Gordon's motions, ECF Nos. 14, 20, 21, and 24 are **DENIED**.

essentially asking the court to invalidate a State Court's order regarding the removal of his children from his home. Finally, with respect to plaintiff's allegations as to certain defendants, he concluded that they might entitled to qualified immunity.

Plaintiff's objections fail to address the actual reason the PF&R recommended dismissal, i.e., Younger abstention. Rather, he focuses on some of the alternative doctrines upon which the magistrate judge recommended dismissal. For that reason, his objections are irrelevant and unresponsive to the reasoning contained in the PF&R. In any event, the court's review of the record confirms that the abstention doctrine set forth in Younger v. Harris counsels against hearing this case.

> In Younger [v. Harris, 401 U.S. 37 (1971)] and its progeny, the Supreme Court has reiterated "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). The reason for restraining federal courts from exercising jurisdiction in these types of actions is the notion of "comity," which includes
>
>> a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

Younger, 401 U.S. at 44. "The [Younger abstention] doctrine recognizes that state courts are fully competent to decide issues of federal law and has as a corollary the idea that all state and federal claims should be presented to the state courts." Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 251 (4th Cir. 1993).

Although Younger involved state criminal proceedings, the Supreme Court has expanded its application to "noncriminal judicial proceedings when important state interests are involved." Middlesex, 457 U.S. at 432. "Where vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." Id. (internal quotations omitted) (quoting Moore v. Sims, 442 U.S. 415, 426 (1979)). In Middlesex, the Supreme Court articulated the following three-part test: "first, do [these proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." Id. at 432; see also Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994).

Younger abstention applies only to "three exceptional categories" of cases: (1) "parallel, pending state criminal proceeding[s]"; (2) "state civil proceedings that are akin to criminal prosecutions"; and (3) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 78 (2013). These three categories of cases define the scope of Younger. Id. at 82.

The ongoing state court proceeding must be "the type of proceeding to which Younger applies." New Orleans Public Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 367 (1989).

4

Jonathan R. V. Justice, CIVIL ACTION No. 3:19-cv-00710, 2021 WL 3195020, at *8-9 (S.D.W. Va. July 28, 2021) (Johnston, C.J.).

The court agrees with Magistrate Judge Aboulhosn that this court should abstain from hearing this case pursuant to Younger. See Liedel v. Juvenile Court of Madison Cty., Ala., 891 F.2d 1542, 1546 (11th Cir. 1990)("[U]nder Younger and Sims federal district courts may not interfere with ongoing child custody proceedings."); Booker v. Mecklenburg Cty. Dept. Of Social Servs., 3:19-cv000672-RJC-DSC, 2020 WL 9455319, at *2 (W.D.N.C. Jan. 16, 2020) (dismissal under Younger appropriate where case concerned "ongoing child custody matters clearly implicat[ing] important state interests"); Clark v. Deskins,, CIVIL ACTION NO. 2:18-cv-01381, 2019 WL 2651143, at *2 (S.D.W. Va. June 27, 2019) ("Child custody and other domestic matters would be better handled by the state courts which have the experience to deal with this specific area of the law.") (Johnston, C.J.) (internal quotation and citation omitted); Reese v. Maryland, Civil Action No. GJH-17-1487, 2017 WL 2712957, at *2 (D. Md. June 21, 2017) (dismissing pursuant to Younger a § 1983 and § 1985 action arising out of State court child support and custody proceedings); Manship v. Brothers, No. 1:11cv1003 (JCC), 2011 WL 4408477, at *2 (E.D. Va. Sept. 21, 2011) (noting that Younger "has been expanded to require abstention from child custody and welfare determinations" and "to the extent that there

are ongoing state proceedings regarding the custody of the minors, this Court abstains from exercising jurisdiction"). Nor has Gordon offered any reasons to justify an exception to Younger abstention. Accordingly, plaintiff's objections are **OVERRULED**.

For the foregoing reasons, the court adopts the Findings and Recommendations of Magistrate Judge Aboulhosn, **DENIES** plaintiff's application to proceed without prepayment of fees and costs, **DISMISSES** plaintiff's "Petitions," and directs the Clerk to remove this matter from the court's docket.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 29th day of September, 2021.

                                      ENTER:

                                      David A. Faber
                                      Senior United States District Judge